# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND ) <br> SOUTHWEST AREAS PENSION FUND; ) <br> CENTRAL STATES, SOUTHEAST AND ) <br> SOUTHWEST AREAS HEALTH AND ) <br> WELFARE FUND; and HOWARD ) <br> McDOUGALL, Trustee, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> O'BRIEN & NYE CARTAGE CO., an Ohio ) <br> Corporation, ) <br> ) <br> Defendant. ) | No. 06 C 4988 <br><br> HONORABLE DAVID H. COAR |

## MEMORANDUM OPINION AND ORDER

This is an action brought under the Employee Retirement Income Security Act, 29 U.S.C. §1001, et seq. ("ERISA"), to collect unpaid contributions and interest allegedly owed by O'Brien & Nye Cartage Co. ("O'Brien") to the Central States, Southeast and Southwest Areas Pension Fund; the Central States, Southeast and Southwest Areas Health and Welfare Fund (collectively referred to as "Central States" or individually referred to as the "Pension Fund" or the "Health and Welfare Fund"). Plaintiff Howard McDougall, is a Trustee and a "fiduciary" of both the Pension Fund and the Health and Welfare Fund, as that term is defined in Section 3(1) of ERISA, 29 U.S.C. §1002(2). Before this Court is O'Brien's Motion to Transfer Venue pursuant to 28 U.S.C. §1404(a). For the following reasons, O'Brien's motion is **DENIED**.

**Background**

-1-

Central States are employee benefit plans and trusts that maintain their respective administrative offices and exclusive offices in the Northern District of Illinois. Central States were established by and are operated in accordance with trust agreements. O'Brien is an Ohio corporation engaged in the meat and grocery business. O'Brien's only place of business is in northeastern Ohio, just outside of Cleveland. O'Brien employs members of the Local Union No. 407 of the International Brotherhood of Teamsters ("IBT"). In 1998, O'Brien entered into a Participation Agreement ("participation agreement")with the IBT, in which O'Brien agreed to make contribution payments to Central States in conjunction with the terms of certain collective bargaining agreements negotiated and entered into between O'Brien and IBT.

The participation agreement does not contain a venue selection clause (also known as a forum selection clause). However, under the terms of the participation agreement, O'Brien agreed to be bound by the terms of the Central States' trust agreements. O'Brien claims it never received copies of these trust agreements, amendments thereto or notification of any agreement to sue or be sued in Chicago, Illinois. On December 10, 2003, the trust agreements were amended by including clauses stating that each employer and union consented to personal jurisdiction and venue in the United States District Court for the Northern District of Illinois, Eastern Division with respect to any suit filed by Central States and agreed that the Northern District of Illinois, Eastern Division was the most convenient forum for any such suit. The participation agreement and the trust agreements provide that they are governed by Illinois law to the extent that not preempted by federal law.

O'Brien contends that the venue selection clauses are invalid and that in the interests of justice, this Court should transfer this suit to the Northern District of Ohio, Eastern District.

**Analysis**

A motion to transfer venue is governed by 28 U.S.C. §1404(a), which states: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." A district court will engage in an "individualized, case-by-case consideration of convenience and fairness" when adjudicating a motion for transfer subject to its own considerable discretion. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (citing *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). The Supreme Court regards the presence of a forum selection clause as but a single, albeit significant, factor among several in a district court's analysis. *Id.*

The party seeking transfer of venue must show that 1) venue is proper in the transferor court; 2) venue is proper in the transferee court; and 3) the transfer is for the convenience of the parties and witnesses, and 4) in the interests of justice. *Central States Southeast and Southwest Areas Pension Fund v. Brown*, 587 F.Supp. 1067, 1069 (N.D.Ill.1984). The party seeking to transfer venue also "has the burden of establishing, by reference to particular circumstances, that the [proposed] transfer forum is clearly more convenient" than the transferring court. *Coffey v. Van Dorn Iron Works,* 796 F.2d 217, 219-20 (7th Cir.1986). In making a transfer determination, a court must consider both the private interests of the parties and the public interests involved. Factors for assessing the private interests include: (1) plaintiff's choice of forum; (2) site of the material events; (3) availability of evidence in each forum; (4) convenience of the parties; and (5) convenience of the witnesses. *Amoco Oil Co. v. Mobil Oil Corp.*, 90 F.Supp.2d 958, 960 (N.D.Ill.2000). Public interest factors "relate to the court's familiarity with the applicable law, the speed at which the case will proceed to trial, and the desirability of resolving controversies in

their locale," *Von Holdt v. Husky Injecting Molding System, Ltd.*, 887 F.Supp. 185, 188 (N.D.Ill.1995), as well as a fund's interest in minimizing transaction costs in ERISA cases. *Finley v. Dun & Bradstreet Corp.*, 2006 WL 861920 at *2 (N.D.Ill.). This Court will address each factor below and then assess whether Defendants have met their burden of establishing that transfer would be "clearly more convenient."

**Proper Venue in Transferor and Transferee Courts**

In this case, venue is proper in the Northern District of Illinois, Eastern Division. This action was brought under ERISA. ERISA provides that venue is proper when an ERISA action is brought in a district court where the plan is administered. 29 U.S.C. §1132(c)(2). So even if this Court disregarded the venue selection clauses contained in the trust agreements, venue is nonetheless proper in the Northern District of Illinois, Eastern Division because Central States are administered here. Venue would also be proper in the Northern District of Ohio if this Court were to disregard the venue selection clauses in the trust agreements. ERISA also provides that venue is proper when an ERISA action is brought in a district court where the defendant resides or the breach (giving rise to the action) took place. 29 U.S.C. §1132(c)(2).

Here, the parties have entered into agreements that mandate the appropriate venue for actions involving disputes between the parties. O'Brien executed a participation agreement which included the following provision:

> The Union and the Employer agree to be bound by, and hereby assent to, all of the terms of the Trust Agreement(s) creating said CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION AND/OR HEALTH AND WELFARE FUND, as amended, all of the rules and regulations heretofore and hereafter adopted by the Trustees of said Trust Fund(s) pursuant to said Trust Agreement(s), and all of the actions of the Trustees in administering such Trust Fund(s) in accordance with the Trust Agreement(s) and rules adopted.

O'Brien does not allege that it was unaware of or mistaken about the terms of the participation agreement at the time of execution, nor does it claim any defect in the participation agreement. Neither the participation agreement nor the trust agreements (as they existed at the time) included venue selection clauses. The trust agreements contain the following provision, stating in relevant part:

> Therefore, the power is given to the Trustees to amend this Agreement by majority vote, at any time and from time to time, and all parties to the Trust, and all parties claiming an interest thereunder, shall be bound thereby...

Finally, the trust agreements were amended without notice to O'Brien in 2003. The relevant provision is as follows:

> Each Employer and Union (including former participating Employers and Unions) consents to personal jurisdiction and venue in the United States District Court of Illinois, Eastern Division, with respect to any suit filed by the Fund in that form of any nature... and agrees that said forum is the most convenient forum for such suit...

O'Brien argues the venue selection clauses are invalid because they were not freely negotiated. The clauses did not exist at the time the participation agreement was executed and O'Brien was never given notice of their inclusion in the trust agreements. However, O'Brien entered into a presumably valid participation agreement (at least O'Brien has not asserted the participation agreement was invalid or that its terms were not freely negotiated) in which it bound itself to the terms of the trust agreements.[1] Those trust agreements provided that O'Brien agreed to be bound by "all of the actions of the Trustees in administering such Trust Fund(s) in

---

[1] It is unclear from the briefs and the exhibits attached thereto whether O'Brien is alleging that it never read the trust agreements before signing the participation agreement. This Court finds it incredible that a corporation would bind itself to the terms of documents that it did not direct someone to read and investigate.

accordance with the Trust Agreement(s)" as well as all subsequent amendments to the trust agreements. O'Brien bound itself to all these agreements by its own choice.

The purpose of including the venue selection clauses is obviously to allow for the Trustees to better exercise efficient administration of the Funds by reducing costs associated with litigating claims against multiple employers. Such an action is clearly an "action of the Trustee in administering the Central States" as envisaged by the above-excerpted provision of the participation agreement. Furthermore, the fact that O'Brien did not receive notice of the inclusion of the venue selection clauses is of little significance because under the special venue provisions of ERISA, it is highly likely Central States would have commenced any suit against O'Brien in their home forum (the Northern District of Illinois), even without the venue selection clauses. ERISA provides that venue is proper when an ERISA action is brought in a district court where the plan is administered. 29 U.S.C. §1132(c)(2).

In sum, based upon the limited facts before it, this Court finds that the venue selection clauses are valid and enforceable against O'Brien.

Given that the clauses are valid, this Court must now determine their effect. The Seventh Circuit has clearly instructed that a valid venue selection clause should not be circumvented by the grant of a motion for transfer of venue. *Northwestern Nat. Ins. Co. v. Donovan*, 916 F.2d 372, 378 (1990). The specific venue selection clauses at issue here state that O'Brien has agreed 1) to personal jurisdiction and venue in the Northern District of Illinois and 2) that this jurisdiction is the most convenient forum. Simply put, O'Brien cannot now assert its own inconvenience as a ground for transfer. *Donovan*, 916 F.2d at 378. This Court must nonetheless

proceed through a section 1404(a) analysis based on factors other than inconvenience to O'Brien.

**Convenience of the Parties**

As discussed above, O'Brien has waived the right to assert its own inconvenience as a ground for transfer of venue to the Northern District of Ohio, Eastern Division.[2] Yet, the convenience of other parties is still at issue. "If there is inconvenience to some third party of which that third party may not even be aware, or to the judicial system itself, then either party to the suit is free to move for a change of venue." *Donovan*, 916 F.2d at 928. The convenience of the plaintiffs is discussed below in the analysis of their choice of forum. The convenience of potential witnesses is discussed below in Availability of Evidence discussion.

**Plaintiffs' Choice of Forum**

When adjudicating a motion for a transfer of venue in ERISA cases, substantial deference is generally given to the plaintiff's choice of forum, especially when the plaintiff brings suit in the district in which it resides. *United Food & Commercial Workers Int'l Union-Indus. Pension Fund v. Spartan Stores, Inc.*, 1992 WL 309545 (N.D.Ill. 1992). First of all, ERISA provides that an action may be brought in the district in which a plan is administered. Courts have found that Congress intended such a special venue allowance to minimize costs associated with litigating claims against multiple employers. *See Chicago Truck Drivers, Helpers and Warehouse Union*

---

[2] Even if the venue selection clauses were disregarded, this Court doubts that O'Brien's claims of inconvenience would be sufficient to merit a transfer. If this matter were transfered to Ohio, Central States would be just as inconvenienced as O'Brien is now, with the added effect of Central States' inconvenience being passed on to its participants and beneficiaries.

*(Indep.) Pension Fund v. Brotherhood Labor Leasing*, 1993 WL 385133 (N.D.Ill.) (collecting cases).

Secondly, obviously a plaintiff will choose to bring suit in the district that is the most convenient to it. The trust agreements were amended to include the venue selection clauses because in the sound business discretion of those in charge of the administration of Central States, it was in the best interest of Central States to litigate matters arising out of relationships with employers in this district. O/Brien is only one of many employers who contribute to Central States. Thus, Central States has an obvious interest in being subjected to the uniform interpretations of ERISA and plan documents provided by the precedent of a single legal jurisdiction. Furthermore, both the participation agreement and the trust agreements, by their own terms, are governed by Illinois law. District courts in this district are presumably more familiar with Illinois law than district courts in Ohio.

Given that the central theme of ERISA is protect the benefits of workers and that allowing a plaintiff to choose a forum clearly helps minimize the depletion of those benefits by reducing litigation costs, courts give the plaintiff's choice of forum primary consideration in ERISA actions. To succeed on a motion to transfer a defendant must present clear and convincing evidence via the other factors that a transfer would be proper. *Brotherhood Labor Leasing*, 1993 WL 385133 at *2.

### 4. Situs of Material Events

O'Brien argues that most of the material events underlying the cause of action in this suit occurred in the Northern District of Ohio. It may very well be true that the negotiations and execution of the collective bargaining agreements that initiated the relationship between O'Brien

and IBT (and thus served as catalysts for the agreements that are subject to the instant action) occurred in Ohio and the employees at issue in this suit are and were employed in Ohio at all relevant times. However, it is also true that Central States has been administered in this district; such administration covers a wide range of activities including Central States communications with O'Brien, administration of actual benefits to employees and participation payments made by O'Brien and Central States investigations of O'Brien. In sum, several material events that may be relevant to this action have occurred in both districts, with the majority occurring in the Northern District of Ohio.

### 5. Availability of Evidence

O'Brien asserts that all evidence of relevance to this action is located in Ohio. Central States asserts that its evidence is located here in the Northern District of Illinois. Since O'Brien is resident of Ohio and Central States is resident of Illinois, there is little doubt that the documentary evidence to be produced by each litigant resides with the litigant. This factor is concerned with availability, not location or ease of access. While location and ease of access are obviously factors to be considered when determining availability, neither location or ease of access are solely dispositive of availability.

O'Brien does not assert that documentary evidence will be unavailable unless venue is transferred to the Northern District of Ohio. Original documents may be transported and photocopies may be created. *See Chaklus v. Stevens*, 2006 WL 2247309 (C.D.Ill.). Since both sides will undoubtedly offer their own documentary evidence, this factor favors neither side.

O'Brien does not argue that potential witnesses will be unavailable should they need to appear in this district. It merely argues that it is inconvenient for its potential witnesses to be

forced to travel from Ohio to Illinois should they need to testify before this Court. According to O'Brien, potential witnesses will come from three groups; the nine employees whose contributions are at issue, its own management, and union personnel. Given that the focus of this action will probably be on the terms of the agreements entered into by the parties and whether the nine employees at issue were covered under the agreements, the most relevant testimony (if any testimony is even needed) will probably be of the those who were privy to the negotiations and execution of the various agreements; those who administer Central States; and those responsible at O'Brien for making the payments under the agreements.

O'Brien argues that none of the laborers are likely to travel to Illinois at their own expense. O'Brien also argues that these laborers have an interest in not providing testimony to it given that they stand to benefit from any decision against O'Brien. While O'Brien has explained its theory of inconvenience of the nine employees at issue, it has not demonstrated how any of these nine employees or the other potential witness would be unavailable for presentation in this district should the need arise. In fact, the only other potential witness O'Brien mention suffers from several physical ailments that may limit his mobility. However, at this stage of the action, there is no indication that the single employee would have to travel to this district. No trial has been set. No discovery schedule has been set. Indeed, O'Brien has not discussed its ability to depose these witnesses or otherwise garner information from them. In short, the availability of witnesses does not warrant the transfer of venue for this action.

**Interests of Justice**

This Court is not unmindful of the financial hardships of defending a civil action. However, the interests of justice requirement generally relates to the efficient functioning of the

courts and not to the merits of the underlying dispute or the private interests of the parties. *Central States, Southeast and Southwest Areas Pension Fund v. White*, 1999 WL 447059 (N.D.Ill.); *Hanley v. Omarc, Inc.*, 6 F.Supp.2d 770, 777 (N.D.Ill. 1998). Courts have recognized that in ERISA actions brought by the funds to collect contributions, the interests of justice are served where the transaction costs of the employee benefits funds are minimized. *Finley v. Dun & Bradstreet Corp.*, 2006 WL 861920 at *2 (N.D.Ill.). Here, O'Brien states the following two specific interests of justice would be served by transferring this action to Ohio: first, the desirability of resolving controversies in their locale; and second, the relation of the community to the occurrence at issue. O'Brien does not address other traditional notions of judicial economy such as the court's familiarity with the applicable law or the transactions costs of Central States.

O'Brien asserts that the controversies embodied in this action belong to Ohio. As discussed before, while it is true that most of the facts underlying this case may have occurred in Ohio, the alleged failure to make contributions to Central States occurred in Illinois since the Funds are actually administered here. Thus, this factor does not sway the analysis towards either location.

The nine employees at the center of this suit, O'Brien and IBT are all located in Ohio. Thus it is plausible that this action has a greater relation to the Northern District of Ohio than the Northern District of Illinois. However, the relation to Ohio is not substantial enough to merit transfer of venue when other relevant interests of justice are taken into consideration.

There is considerable judicial economy in allowing this district to adjudicate this particular action given that the participation agreement and the trust agreements are governed by

Illinois law.  Given the circumstances giving rise to this action, it is entirely foreseeable that issues of Illinois contract law that will play heavily on the outcome of this case.  Furthermore, as discussed above, the interests of justice are well served where the transaction costs of the employee benefits funds are minimized.  *Finley*, 2006 WL 861920 at *2.  Central States are multi-employer funds.  They brought suit in their home district in order to minimize costs that would otherwise be passed on to their participants and beneficiaries.  The familiarity of this district with the law governing the agreements and the validly altruistic interest in a multi-employer fund bringing suit in its home district outweigh the relation of this action to Ohio.

In conclusion, after taking into account all of the various factors relevant to a section 1404(a) analysis, a motion for transfer of venue from this court to the Northern District of Ohio is not warranted.  O'Brien has not provided clear and convincing evidence that would motivate this Court to disturb Central States' decision to bring suit in this jurisdiction.

**Conclusion**

For the reasons stated above, O'Brien's Motion to Transfer Venue pursuant to 28 U.S.C. §1404(a) is **DENIED**.

Enter:

/s/ David H. Coar
David H. Coar
United States District Judge

Dated: **February 22, 2007**